IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADRIENNE GALT, *et al.*, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 15-6851 |
| | : | |
| EAGLEVILLE HOSPITAL, | : | |
|     Defendant. | : | |

MEMORANDUM OPINION

Rufe, J.                                                                                                   March 2, 2017

      Named Plaintiffs Adrienne Galt and Nancy Murphy, former Registered Nurses at Defendant Eagleville Hospital, and opt-in Plaintiff Nina Johnson, a former Nursing Assistant at Eagleville, bring this case under the Fair Labor Standards Act ("FLSA").[1] Before the Court is Plaintiffs' Motion for Order Authorizing Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b). For the reasons that follow, the motion is granted.

I.     BACKGROUND

      Plaintiffs allege that Defendant violated the FLSA by requiring them to work during 30-minute unpaid meal breaks and then automatically deducting that time from their shift totals, depriving them of compensation, including overtime pay.[2] Employees were entitled to such meal breaks for each shift of five hours or more under Eagleville's written policies.[3] However, Plaintiffs allege that their supervisors often required them to work through meal breaks, did not inform them that they could request compensation for missed meal breaks, and implied that employees would be punished if they sought pay for missed meal breaks.[4] Plaintiffs now seek

---

[1] 29 U.S.C. § 201 *et seq.*

[2] Doc. No. 27-2 (Plaintiffs' Memorandum of Law in Support of Motion for Order Authorizing Notice to Similarly-Situated Persons) at 1-5.

[3] Doc. No. 1 (Complaint) ¶ 10; Doc. No. 1-2 (Ex. A) (Employee Handbook) at 14, 34; Doc. No. 27-2 at 2-3.

[4] Doc. No. 1 ¶¶ 11-15, 46-49; Doc. No. 27-2 at 3-4.

conditional certification of a collective action on behalf of "[a]ll persons who have worked for Defendant as a Registered Nurse, Nursing Assistant, Licensed Practical Nurse, or Mental Health Technician during any workweek in the past three years."[5]

## II.   LEGAL STANDARD

Plaintiffs alleging FLSA violations may bring a collective action on behalf of similarly situated employees provided that such employees give their consent in writing to become a party to the lawsuit.[6]  Thus, unlike a class action brought under Federal Rule of Civil Procedure 23, "a collective action brought under the FLSA is an 'opt-in' action."[7]  "The district court has discretion to authorize notice to potential opt-in plaintiffs by conditionally certifying the matter as a collective action."[8]

To qualify for conditional certification, Plaintiffs must make a "modest factual showing" that they and the proposed opt-in employees are similarly situated.[9]  "Under the 'modest factual showing' standard, [plaintiffs] must produce some evidence, beyond pure speculation of a factual nexus between the manner in which the employer's alleged policy affected [them] and the manner in which it affected other employees."[10]  This is a "fairly lenient standard," and courts may revisit the issue of whether Plaintiffs and other opt-ins are similarly situated after granting

---

[5] Doc. No. 27-2 at 1.

[6] *Bellaspica v. PJPA, LLC*, 3 F. Supp. 3d 257, 259 (E.D. Pa. 2014) (citing 29 U.S.C. § 216(b)).

[7] *Id.* (citing *Barrios v. Suburban Disposal, Inc.*, Civ. No. 12-03663 WJM, 2013 WL 6498086, at *2 (D.N.J. Dec. 11, 2013)).

[8] *Id.* (citing *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

[9] *Id.*; *accord Titchnell v. Apria Healthcare, Inc.*, Civil Action No. 11-563, 2011 WL 5428559, at *3 (E.D. Pa. Nov. 8, 2011).  As the parties note, there are outlier cases holding that a lower quantum of proof is required for conditional certification, but the clear trend in this District is to require a "modest factual showing" and the Court therefore applies that standard.  *E.g.*, *Bellaspica*, 3 F. Supp. 3d at 259; *Bamgbose v. Delta-T Grp., Inc.*, 684 F. Supp. 2d 660, 667-68 (E.D. Pa. 2010) ("Courts typically require a 'modest factual showing' that the putative class members are similarly situated, particularly when the parties have engaged in some discovery.") (citations omitted).

[10] *Bellaspica*, 3 F. Supp. 3d at 259 (citations and internal quotation marks omitted).

conditional certification.[11]

## III. ANALYSIS

Defendant argues both that Plaintiffs have failed to make a modest factual showing that the proposed opt-in employees are similarly situated and that Plaintiffs' proposed class is overbroad.

### A. Whether Plaintiffs Have Made a Modest Factual Showing that Proposed Class Members Are Similarly Situated

Defendant argues that Plaintiffs have not made a modest factual showing that the proposed collective members are similarly situated because Plaintiffs' motion is based largely on Plaintiffs' own declarations, which Defendant claims do not show that other employees suffered similar FLSA violations.[12] The Court disagrees.

Plaintiffs' declarations provide sufficient details that, if true, would tend to show that other proposed collective members were forced to work through meal breaks without compensation and thus were similarly situated. The declarations explain that Defendant's timekeeping system left employees with no method of tracking meal breaks, allowing their supervisors to require them to work through breaks with little recourse.[13] This practice allegedly resulted from Defendant's prioritization of patient-care responsibilities over the ability of its workers to take meal breaks, which was embodied in Defendant's Employee Handbook and reaffirmed by Plaintiffs' supervisors.[14] Plaintiffs further explain that their supervisors

---

[11] *Id.* (citations omitted).

[12] Doc. No. 28 (Defendant's Reply to Plaintiffs' Motion for Order Authorizing Notice to Similarly-Situated Persons) at 2-5.

[13] Doc. No. 27-3 (Declaration of Adrienne Galt) ¶¶ 4-5; Doc. No. 27-4 (Declaration of Nancy Murphy) ¶¶ 4-5; Declaration of Nina Johnson ¶¶ 4-5.

[14] Galt Decl. ¶¶ 6-8; Murphy Decl. ¶¶ 6-8; Johnson Decl. ¶¶ 6-8.

discouraged them from seeking compensation for missed meal breaks.[15]  These allegations are based upon Plaintiffs' personal experience working in multiple units at Eagleville as well as their contacts with other employees, and they describe common conditions of employment that allegedly affected proposed class members similarly.[16]  That is sufficient for conditional certification.[17]

Defendant points to cases in which declarations by plaintiffs were insufficient to establish conditional certification, but these cases are inapposite because they concerned situations where the plaintiffs either offered no proof of a factual nexus between their claims and those of potential collective members or relied upon assertions that were far more generalized than those here.  For example, in *White v. Rick Bus Co.*, the court denied the plaintiff's motion for conditional certification because the plaintiff failed to identify any other similarly situated employees and relied entirely upon his own conclusory assertion that others had suffered a similar harm.[18]  And in *Dreyer v. Altchem Environmental Services, Inc.*, the lead plaintiff admitted that he had fabricated the statements in his affidavit in order to curry favor with a local union, leaving only the vague and unsubstantiated assertions of the other plaintiffs that they had all suffered similar FLSA violations, which were insufficient to justify collective certification.[19]

---

[15] Galt Decl. ¶¶ 8-9; Murphy Decl. ¶¶ 8-9; Johnson Decl. ¶¶ 8-9.

[16] Galt Decl. ¶ 3; Murphy Decl. ¶ 3; Johnson Decl. ¶ 3.

[17] *See Holley v. Erickson Living*, Civil Action No. 11-2444, 2012 WL 1835738, at *6 (E.D. Pa. May 21, 2012) (granting conditional certification motion in similar FLSA meal-break case where plaintiff's declaration showed that defendant automatically deducted 30 minutes of meal time from employees' shifts even if the employees were forced to work during the break); *Williams v. Owens & Minor, Inc.*, Civil Action No. 09-00742, 2009 WL 5812596, at *3 (E.D. Pa. Oct. 9, 2009) (conditionally certifying class for FLSA meal-break claim based on plaintiffs' sworn declarations and deposition testimony); *Taylor v. Pittsburgh Mercy Health Sys., Inc.*, Civil Action No. 09-377, 2009 WL 2003354, at *2 (W.D. Pa. July 7, 2009) (finding plaintiffs' declarations were sufficient to conditionally certify class based on unwritten policy that meal-break time was deducted from employees paychecks even if employees worked during meal breaks).

[18] 743 F. Supp. 2d 380, 388-89 (D.N.J. 2010).

[19] Civil No. 06–2393 (RBK), 2007 WL 7186177, at *3-4 (D.N.J. Sept. 25, 2007).

Case 2:15-cv-06851-CMR   Document 31   Filed 03/02/17   Page 5 of 7

Here, in contrast, Plaintiffs' claims are based upon a common policy of deducting meal-break time that is reflected in Defendant's Employee Handbook, and are supported by specific allegations regarding the directives of Plaintiffs' supervisors, who also supervised other employees. Courts in similar FLSA meal-break cases have conditionally certified classes based largely on declarations showing the existence of an automatic deduction policy, and the same result obtains here.[20]

Defendant also argues, based on the declarations of two of its supervisors, that employees were encouraged to take full, uninterrupted meal breaks, and thus that Plaintiffs' claims are unique rather than representative of all employees in the proposed collective action.[21] However, such evidence does not provide a basis to deny conditional certification, but "is more appropriately reviewed pursuant to a decertification motion or a motion for summary judgment after more discovery has been completed."[22] Defendant will have the opportunity to revisit the merits of Plaintiffs' claims at a later time, but for purposes of conditional certification, Plaintiffs have made the requisite modest factual showing that other employees are similarly situated.

### B.  Whether the Court Should Prospectively Limit the Proposed Class

Defendant also argues that even if Plaintiffs' proposed class is conditionally certified, it should be limited in scope and time.[23] Regarding its scope, Defendant argues that the class should be limited to exclude Licensed Practical Nurses and Mental Health Technicians because

---

[20] *See, e.g.*, *Holley*, 2012 WL 1835738, at *5; *Williams*, 2009 WL 5812596, at *3; *Taylor*, 2009 WL 2003354, at *2.

[21] Doc. No. 28-2 (Declaration of Chris Smith); Doc. No. 28-3 (Declaration of Harriet Hovington).

[22] *Resch v. Krapf's Coaches, Inc.*, Civil Action No. 11-6893, 2012 WL 2500623, at *3 (E.D. Pa. June 29, 2012) (citation omitted) (conditionally certifying collective action and declining to weigh defendant's evidence that plaintiffs were not similarly situated to other potential opt-in collective members); *see also Mott v. Driveline Retail Merch., Inc.*, 23 F. Supp. 3d 483, 490 (E.D. Pa. 2014) (finding "defense that Plaintiff's claims are too individualized to be litigated collective is unavailing at" the conditional certification stage); *Williams*, 2009 WL 5812596, at *3 (rejecting challenge to plaintiff's claims based on the declarations of defendant's employees and explaining that "precedent makes clear that, in ruling on the motion for conditional certification, it is not appropriate to adjudicate plaintiffs' claims on the merits").

[23] Doc. No. 28 at 6-8.

5

Plaintiffs have not submitted any affidavits or evidence tending to show that these employees suffered similar FLSA violations. Defendant also argues that the class should be limited to include only current or former employees of Defendant who were employed after January 9, 2014, because Defendant did not adopt its automatic deduction policy for meal breaks until that date.

The Court declines to limit the scope of the class at this stage, as that issue is more appropriate for final certification.[24] While Plaintiffs have not yet offered evidence specific to Licensed Practical Nurses and Mental Health Technicians, Plaintiffs' claims concern a uniform timekeeping policy that Plaintiffs allege extends to employees in those roles, and there is no reason to exclude such employees from the class at this early stage. Plaintiffs also point to Defendant's Employee Handbook, which makes no distinction between different types of employees for the purposes of its timekeeping and meal-break policies, and thus corroborates Plaintiffs' claim that all employees were subject to a common automatic deduction policy for their meal breaks.[25]

Regarding temporal limits to the collective action, the parties appear to agree that Defendant's automatic deduction policy began in January 2014, but do not agree whether the collective action period should begin on January 1, 2014 or January 9, 2014.[26] The Court will therefore conditionally certify a collective action as Plaintiffs request, but will require Plaintiffs

---

[24] *E.g.*, *Titchenell*, 2011 WL 5428559, at *8 ("The Court defers ruling on the size and scope of any class until discovery is complete and the issue of final certification is before the Court."). Defendant cites cases in which courts have limited the scope of the collective action at conditional certification, but in those cases the proposed collective actions were plainly overbroad and thus distinguishable from the proposed collective action here. *See Burkhart Deal v. Citifinancial, Inc.*, No. 07-1747, 2010 WL 457127, at *5 (W.D. Pa. Feb. 4, 2010) (limiting plaintiffs' proposed collective action, which would have covered "approximately 2,200 branch offices nationwide," to certain locations); *Craig v. Rite Aid Corp.*, No. 08-cv-2317, 2009 WL 4723286, at *4 (M.D. Pa. Dec. 9, 2009) (limiting collective action definition to employees classified as "exempt" to conform to plaintiff's liability theory that employees were misclassified as "exempt").

[25] *See* Employee Handbook at 14.

[26] Doc. No. 28 at 7; Doc. No. 29 at 8-9.

to propose a revised collective definition including an updated starting date for the collective action period after meeting and conferring with Defendant on this issue.

### C. Form of Notice and Plaintiffs' Discovery Requests

District courts have an obligation to monitor notice to potential collective members to "ensure that it is timely, accurate, and informative."[27] Here, Plaintiffs' proposed notice must be updated to clarify the starting date for the collective action period.  In addition, because Defendant argued only that the notice was premature and did not address whether it was fair and adequate, the parties will be required to meet and confer regarding the form of notice before Plaintiffs submit a revised form of notice to the Court.  The Court will also require Defendant to produce information regarding the identities of potential opt-in plaintiffs to facilitate the distribution of notice, as Plaintiffs request.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion is granted.  An appropriate Order follows.

---

[27] *Hoffman-LaRoche*, 493 U.S. at 172.